## Oak Grove Missionary Baptist Church, et al. v. Rice.

(Decided February 4, 1915.)

### Appeal from McCracken Circuit Court.

1. Easements—Passway—Consideration.—Where the trustees of a church are granted the use of a passway to the public road in consideration of the construction of a road over such passway,

and continue to use the passway for a period of fifteen years as a matter of right, they acquire an indefeasable right to the passway as it existed during that time and may enjoin its obstruction.

2. Easements—Obstruction—Evidence.—In an action by plaintiffs to enjoin the obstruction of a passway, by the erection of gates thereon by the owner of the land, evidence examined, and held that such gates were not reasonably necessary for the protection of defendant's land, and were an obstruction to the passway.

S. E. CLAY and JOHN G. LOVETT for appellants.

HENDRICK & NICHOLS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiffs, as trustees of the Oak Grove Missionary Baptist Church, brought this action against the defendant, Jesse M. Rice, to enjoin the obstruction of a passway. From a judgment denying them the relief asked plaintiffs appeal.

The facts are these:

The church property was originally located in unenclosed woodlands. There were three or four routes to the church from the adjacent public roads. About 18 or 19 years ago, when the adjoining landowners began to enclose their land, a committee from the church approached the defendant with a view of securing a passway from the church to the Woodville and Paducah gravel road. According to the evidence for plaintiffs, Rice told the committee that if they would cut out a road, the church members could use it, and he would use it too. Thereupon the colored people went to work, and, under the direction of defendant, chopped down the trees and made the road. The road for the distance was fenced up on each side. The road was several hundred yards in length. After going beyond the church property it turns off towards the defendant's house. The fence on the west side was constructed by Mr. Rice. The fence on the east side was constructed by Mr. Pippin. Mr. Pippin, in constructing his fence, set it back two or three feet. His purpose was to give that much land for the benefit of the road. The road as thus built and defined by the two fences throughout its entire route has been used by the church members and the people who attended the church for about 18 years. During that time no gates were placed across the passway.

About a year and a half or two years before the bringing of this action, defendant constructed two gates, one about 150 yards from the public road, and the other about 100 yards nearer the church. Posts were placed on the east side of the road, and the two gates obstructed the entire right of way, which was 16 feet in width. After these obstructions were erected a committee of the church, desiring to avoid any misunderstanding in regard to the matter, attempted to purchase the ground for a passway, but these negotiations fell through.

The evidence for the defendant differs from that of the plaintiffs in one particular only. While admitting that they blazed and constructed the road, he claims that he told them that they could use the right of way so long as it did not inconvenience him. Defendant himself has made an occasional use of the road since it was established.

The chancellor denied the relief prayed for on the ground that the gates were not, under the circumstances, an unreasonable obstruction. Defendant insists that this judgment was right because the uncontradicted proof shows that the use of the road was merely permissive. Taking into consideration all the circumstances of the case, we are not inclined to hold that these old colored people, who suffered the other routes to the public road to be closed, and who knew that the passway in question was therefore their only outlet to the public road, went to work and built the road in question with the understanding that the defendant could close it at any time that he saw fit. The case is not one of permissive use alone. It is a case where the right of way was given in consideration of the labor performed in the construction of the road. Being by parol only, the agreement was within the statute of frauds, and might at any time within fifteen years have been rescinded upon equitable terms. For a period of more than fifteen years, however, no attempt was made to rescind the agreement or to interfere with the passway that had been given. On the contrary, the members of the church, who had paid a valuable consideration for the easement by constructing the road itself, continued to use the road for more than fifteen years under a claim of right. We, therefore, conclude that they acquired an indefeasable right to the passway, as it existed during said period of time. The gates in question

were placed across the roadway after the fifteen years had elapsed. They were not placed at points where the passway entered or left the land of defendant. They were placed about 150 and 200 yards from the mouth of the passway. Nor does it appear that they were reasonably necessary for the protection of defendant's land. The only real effect of the gates was to operate as an obstruction to the passway. Under these circumtances, we conclude that plaintiffs are entitled to the relief asked.

Judgment reversed and cause remanded, with directions to enter judgment in conformity to this opinion.